IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Johnny K., | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | Case No. 19 CV 50082 |
|     v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
|     *Defendant*. | ) | |

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1) [43]. Defendant, the Acting Commissioner of the Social Security Administration ("Commissioner"), argues that the requested fees are unreasonable. For the following reasons, Plaintiff's motion is granted.

**I. BACKGROUND**

    Plaintiff filed an application for disability insurance benefits in November 2015. After his claim was denied at the initial and reconsideration levels, he appeared before an administrative law judge ("ALJ") in February 2018. Plaintiff's claim was denied by the ALJ in March 2018. Plaintiff appealed the ALJ's decision, but the Appeals Council denied the appeal in February 2019. In April 2019, Plaintiff filed a complaint requesting judicial review of the Commissioner's final decision. On January 27, 2021, this Court granted Plaintiff's motion for summary judgment and remanded the case. Plaintiff subsequently prevailed on remand when the ALJ issued a favorable decision on July 26, 2021. Plaintiff was awarded $99,621.20 in past-due benefits and another $44,442.00 in benefits for three auxiliary beneficiaries. Pl.'s Br. at 1-2, Dkt. 43.

    Plaintiff and his counsel had a contingency agreement whereby he would pay counsel 25% of any past-due benefits awarded to him and/or his dependents. Accordingly, Plaintiff's counsel seeks an attorney's fee award in the amount of $36,015.80, which represents 25% of the total past due benefits Plaintiff received for himself and his three auxiliary beneficiaries. Plaintiff's counsel previously received compensation in the amount of $8,400.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and requests that this amount be offset from her total award. As such, Plaintiff's counsel requests that the Court direct the Commissioner to pay counsel[2] a balance of $27,615.80. Pl.'s Br. at 2, 6, Dkt. 43.

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] Plaintiff and his dependents were represented in court by attorney Meredith Marcus at Daley Disability Law, and counsel requests that the payment be made out to attorney Frederick J. Daley, Jr., who is owner of Daley Disability Law.

1

## II. LEGAL STANDARD

Section 206(b)(1) of the Social Security Act permits the court to award counsel a reasonable fee for work before the court not to exceed 25% of past-due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. 42 U.S.C. § 406(b)(1). While the language of § 406(b)(1) only refers to benefits to which a claimant himself is entitled, the Supreme Court has clarified that counsel is entitled to include 25% of a dependent's past-due benefits in her requested fee. *Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968). However, as to the entire amount sought, the attorney still bears the burden of proving "that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 n. 17 (2002).

The Supreme Court has explained that the 25% compensation scheme of "§ 406(b) does not displace contingent-fee agreements as the primary means" of compensating attorneys, but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807; *see McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations."). As part of the independent check on the reasonableness of counsel's fee award, the Court can assess such factors as whether (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate; or (3) past due benefits "are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Following this independent check, a court may choose to make a downward adjustment. *Id*.

## III. DISCUSSION

Plaintiff's counsel argues that her fee request is reasonable because she received excellent results for her client. Pl.'s Br. at 2, 5, Dkt. 43 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (holding that attorneys should recover a "fully compensatory fee" when the client receives "excellent results")). She also contends that precluding counsel from receiving full contingency fees for work performed on social security appeals that they have won would be a disincentive for counsel to take such cases. Pl.'s Br. at 2-3, Dkt. 43. Finally, counsel argues that her *de facto* hourly fee of $795.91 per hour for 45.251 hours of work is reasonable considering the range of hourly rates she has received in other cases *Id*. at 4 (citing cases in which the hourly rates she received were between $661.83 and $1,201.17).

The Commissioner does not argue that there was substandard performance by counsel, that delay of counsel caused the accumulation of past-due benefits to the claimant, or that the fee counsel requests is excessive in comparison to the amount of time spent on the case. Rather, the Commissioner opposes the requested fee award by arguing in effect that including 25% of the dependents award in the total fee results in an unreasonably high (or at least very generous) fee when compared to other fee awards in this circuit and that it results in a windfall to Plaintiff's counsel because she did not do any additional work on behalf of the dependents. Def.'s Resp. at 3-6, Dkt. 45. The Court will address each argument in turn.

**Generous fee**

The Commissioner and Plaintiff disagree on the precise hourly fee Plaintiff is requesting. Plaintiff states that it is $795.91 per hour while the Commissioner calculates the fee at $837.86 per hour.[3] The Court need not decide whose calculation is correct, however, because the Court finds that even the higher hourly rate used by the Commissioner is not unreasonable. The Commissioner acknowledges that her calculation of counsel's requested fee ($837.86 per hour) is not considered to be *per se* unreasonable but argues that it is generally viewed by courts in this circuit to be "quite generous" and, therefore, the Court should consider this when determining whether to reduce the fee. Def.'s Resp. at 5, Dkt. 45. She cites to a handful of cases in which the court found counsel's requested hourly fee to be unreasonable and reduced the fee to an amount lower than that requested in this case. The Commissioner also cites to a few cases in which the court did not *reduce* the hourly fee but granted a fee lower than the one requested here. *See id*.[4]

The Court takes issue with the Commissioner's argument for two reasons. First, the Commissioner provides no explanation for why simply citing cases with a lower hourly fee supports a fee reduction here, especially given that the Supreme Court has made clear that courts are expected to conduct a fact-specific reasonableness review. *See Gisbrecht*, 535 U.S. at 807. Second, while the Commissioner cites several cases in which courts have found hourly rates lower than the one requested here to be unreasonable, all but one of those cases arose outside of this district and, therefore, they are accorded less weight. *See David D. v. Saul*, No. 17 C 6822, 2020 WL 6747008, at *4 (N.D. Ill. Nov. 17, 2020) (comparing the reasonableness of the requested hourly rate to other courts' decisions within the same district); *Cynthia L. v. Saul*, 17 C 02192, 2019 WL 10060470, at *3 (S.D. Ind. Sept. 20, 2019) (same). In this Court's research, other courts *within this district* have found much higher hourly rates to be reasonable and not a windfall to a claimant's counsel. *See, e.g.*, *David D.*, 2020 WL 6747008, at *4 ($1,447.09 per hour); *Evans v. Saul*, No. 16 C 4962 (N.D. Ill. July 12, 2019) ($1,493.21 per hour); *Polli v. Berryhill*, 17 C 1102, 2019 WL 10248978 (N.D. Ill. Feb. 27, 2019) ($1,000 per hour); *Zambrano v. Berryhill*, No. 14 C 0048 (N.D. Ill. May 30, 2017) ($1,232.00 per hour); *Kirby v. Berryhill*, 14 CV 5936, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) ($1,612.28 per hour); *Smith v. Colvin*, 14 C 3923, 2016 WL 374136 (N.D. Ill. Dec. 21, 2016) ($1,437 per hour); *Newman v. Colvin*, No. 13 C 6942 (N.D. Ill. Oct. 28, 2015) ($1,430 per hour). For these reasons, this Court finds that counsel's requested hourly rate is not inherently unreasonable when compared with other rates approved in this district.

---

[3] Plaintiff's counsel calculated the hourly fee by taking the total requested dollar amount and dividing it by the number of hours she and her staff spent on the case. The Commissioner, on the other hand, calculated the hourly figure by assuming that two hours' time billed by non-attorneys is equivalent to one hours' time billed by an attorney. This Court's research shows that other courts predominantly use the method employed by Plaintiff, and the Commissioner does not explain why the Court should follow her method over Plaintiff's. However, as set forth above, the Commissioner acknowledges that even her calculated hourly fee – which is higher than Plaintiff's – is not *per se* unreasonable. As such, the Court declines to opine on which hourly rate is accurate and will rely on the Commissioner's figure for the sake of argument.

[4] Interestingly, the Commissioner also cites to two cases, one of which is from this district, in which the court reduced the hourly fee, but the reduced amount was still higher than the amount requested here. *See* Def.'s Resp. at 5-6, Dkt. 45. It is unclear how these cases support the Commissioner's position, and the Commissioner does not otherwise explain this in her brief.

**Additional work on behalf of dependents**

The Commissioner asserts that because counsel did not perform additional work regarding Plaintiff's dependents the requested fee should be reduced, and she cites four cases in support. In the first case, *Linda G. v. Saul*, 487 F. Supp. 3d 743 (N.D. Ill. 2020), contrary to the Commissioner's argument, the court did *not* consider whether counsel performed additional work regarding auxiliary benefits in its reasonableness analysis. Rather, the court found a fee reduction was warranted due to the excessive amount of time counsel took to draft a brief. *Id*. at 747-48. The court then observed that counsel had not moved for a fee award based on auxiliary benefits but had reserved the right to do so in the future. *Id*. at 749. Since the court had already reduced the initial amount requested related solely to the plaintiff, the court warned that if counsel submitted a petition related to the auxiliary benefits, it would consider whether counsel performed additional work regarding the dependents to justify the additional fee. *Id*. Thus, this case does not suggest that a court should reduce a fee request solely upon the basis that no additional work was done on behalf of dependents for whom auxiliary benefits were obtained.

The Commissioner's reliance on *Jose R. v. Saul*, No. 17-cv-4954, 2020 WL 635911 (N.D. Ill. Feb. 11, 2020) is similarly unavailing. As explained briefly above, the Supreme Court in *Hopkins* held that an attorney fee award in a social security disability case properly can and should be based upon the benefits awarded to a claimant and their dependents. 390 U.S. at 534-35. Yet the court in *Jose R*. cited the *Hopkins* dissent favorably for the proposition that dependents' benefits should only be included in the fee if the dependents were active plaintiffs in the case, directly contradicting the majority's holding. 2020 WL 635911, at *2. Additionally, the court concluded that adding the dependent's benefits would provide a windfall to counsel because the hourly rate sought was already high (over $2,000), counsel did not prove the time entries were reasonable, and it was out of proportion to the work on the case. 2020 WL 635911, at *2-4. In other words, it was not the fact that no additional work was required for the dependent's benefits in and of itself that warranted reducing the requested fee; other reasons persuaded the court to decline to include the dependent's benefits in the fee award. For the above reasons, this Court disagrees with the Commissioner that the result or reasoning in *Jose R.* warrants a reduced award.

The two out-of-district cases cited by the Commissioner fare no better. In *Thatch v. Comm'r of Soc. Sec.*, No. 09 C 454, 2012 WL 2885432, *3 (N.D. Ohio July 13, 2012), the court declined to award the plaintiff a portion of her benefits "foremost" because she had no fee agreement with the minor child and the fee agreement with the plaintiff made no mention of the minor child. However, here, the contingency agreement does provide for recovery of a 25% contingency fee from any benefits obtained for Plaintiff and his beneficiaries. Therefore, this case does not support the Commissioner's argument.

In *Miller v. Colvin*, No. 10 C 00569, 2014 WL 4437785 (W.D. Wisc. Sept. 9, 2014), counsel had requested a fee that would compensate her at an hourly rate of $1,324.44. 2014 WL 4437785, at *1. The court noted that a higher fee award was justified given the "good results that counsel obtained for her client, her client's willingness to enter into a contingency fee arrangement and the number of cases in which counsel receives no fees at all for representing social security claimants." *Id*. However, the court went on to state that:

> It is a different question whether counsel is entitled to 25% of the awards to plaintiff's children. She has not suggested that the awards to the children were the result of any effort she would not have had to make on plaintiff's behalf. I believe that a fee is proper for the good results achieved by the children, but not a fee of 25%. Instead, I will approve a fee of 10% to be paid from each child's award . . . which works out to an hourly fee of $1,055.18.

*Id*. Although the court reduced the award on the basis that counsel did not make any additional effort on behalf of the dependents, the Court finds *Miller* does not support the Commissioner's position because the reduced fee ($1,055.18) is still 20-25% higher than the fee requested here. This undermines the Commissioner's argument that the requested fee is too high and should be reduced.

The Commissioner also contends that significantly reducing the fees paid from the children's benefits would be consistent with Seventh Circuit authority, quoting from *McGuire*, 873 F.2d at 981: "[R]eviewing courts . . . should only allow maximum fees [i.e., 25% of past-due benefits] for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client." *See* Def.'s Resp. at 4, Dkt. 45. However, this is not the Seventh Circuit's language – it is a quotation from a Sixth Circuit case that had recently addressed the issue of how district courts should be reviewing attorney fee petitions in Social Security cases. *See McGuire*, 873 F.2d at 980-81. But at no point in the Seventh Circuit's decision did the court indicate that it agreed with that Sixth Circuit language about "extensive effort." Rather, the court said:

> We agree that the fee agreement entered into by the parties should be the starting place for a court's review but that amount may be reduced if appropriate. If the fee award amounts to a "windfall," the court must carefully review the reasonableness of the contingency agreement. In all cases, the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations.

*Id*. at 981. This is consistent with the independent check for reasonableness ordered by the Supreme Court in *Gisbrecht*. 535 U.S. at 808. In short, the Court does not find that *McGuire* requires the Court to reduce the fee requested here.

The Court acknowledges that counsel's fee request is significantly increased by the award of benefits to Plaintiff's dependents. Although it is true that counsel did not have to perform any additional work to obtain those benefits, this Court does not find that to be conclusive for several reasons. First, as noted above, the Supreme Court held that an attorney fee award in a Social Security disability case properly can and should be based upon the benefits awarded to a claimant and the claimant's dependents. *See Hopkins*, 390 U.S. at 534-35. Second, Plaintiff and his counsel entered into a contingency fee arrangement in which Plaintiff agreed to pay counsel 25% of the past-due benefits awarded to him *and his dependents*. *See* Dkt. 43-2. This is a perfectly legal fee agreement, and the Commissioner does not argue otherwise, so this Court does not see any reason to undermine it. *See David D.*, 2020 WL 6747008, at *4 ("The Court does not see any reason to

5

upend [a legal contingency fee agreement] *post facto*. Counsel should be compensated pursuant to the formula that was negotiated at the outset of counsel's agreement to represent Claimant in this case in federal court as long as the fee is reasonable."). Finally, the work performed by counsel conferred a substantial benefit on Plaintiff and his dependents. "That counsel did not undertake any additional risk to obtain benefits for [Plaintiff's dependents] does not detract from the fact that the work [she] did resulted in substantial benefits being paid to [Plaintiff and his dependents]." *David D.*, 2020 WL 6747008, at *4; *see Jim K. v. Commr. of Soc. Sec.*, 3:19-CV-220-NJR, 2021 WL 4902845, at *3 (S.D. Ill. Oct. 21, 2021) (declining to reduce the requested fee in part because counsel's work conferred significant benefit on the claimant and his dependent child). For these reasons, the Court declines to find that counsel's requested fee should be reduced on the basis that she did not perform additional work on behalf of Plaintiff's dependents.

**Reasonableness review**

Having addressed the Commissioner's arguments, the Court now turns to its reasonableness review. The first factor to consider is whether the fee is out of line with the character of the representation and the results achieved or, in other words, whether the attorney provided "substandard" representation. *See David D.*, 2020 WL 6747008, at *2. As noted above, counsel obtained a favorable outcome for Plaintiff and his dependent children, which ultimately resulted in an award of benefits back to April 2015, and the Commissioner does not dispute these successful results. Additionally, counsel did not submit a boilerplate brief in support of Plaintiff's appeal but, instead, filed a detailed 25-page opening brief that analyzed the particular issues involved and addressed specific facts from the record that supported Plaintiff's claim. *See id.* at *5 (finding fee award reasonable in part because counsel submitted a detailed and specific brief); *Weitz v. Berryhill*, 16-CV-419-JDP, 2017 WL 5186472, *1 (W.D. Wis. Nov. 8, 2017) (finding a fee award unreasonable in part because counsel submitted a boilerplate brief and devoted large portions of the brief to quotations). Moreover, the Court was able to resolve the appeal in Plaintiff's favor by analyzing only the first issue raised by counsel. *See Cynthia L.*, 2019 WL 10060470, at *3 (finding that the first factor was satisfied in part because the court only needed to analyze the first issue raised by counsel). The quality of the work and the result achieved weigh in favor of a finding that the attorney fee requested here is reasonable.

The second factor is whether counsel had a delay that caused past-due benefits to accumulate. Although Plaintiff's counsel did request two extensions of time to file the opening brief, amounting to about 51 additional days, this is not necessarily considered an "unreasonable" delay. *See Mary F. v. Saul*, No. 19 C 169, 2021 WL 4242359, at *2 (N.D. Ill. May 24, 2021) (concluding that counsel was not responsible for any "unreasonable delay in the case" despite having made two requests for extensions of time, amounting to roughly 60 added days). Moreover, the Commissioner does not argue that there was a delay that caused past-due benefits to accumulate. This factor weighs in favor of a finding that the requested attorney fee is reasonable.

The third factor considers whether the past due benefits are large in comparison to the amount of time counsel spent on the case. In reviewing the timesheet Plaintiff's counsel submitted, the Court finds that the hours spent are reasonable in relation to the requested fee, especially in light of the long and dense administrative record (1,189 pages) and the fact that counsel wrote a 25-page opening brief and 10-page reply brief. *See Linda G.*, 487 F. Supp. 3d at 747 (reviewing

6

counsel's activity sheet detailing the hours expended in the case along with the length and quality of the briefs to evaluate the third factor). The amount of time counsel spent on the case weighs in favor of a finding that the attorney fee requested is reasonable.

Having considered the *Gisbrecht* factors along with the Commissioner's objections, the Court concludes that the hourly rate for the time counsel spent pursuing the case before this Court is not so high as to cause the Court to characterize it as unreasonable based on the work performed, the result achieved, the time spent in the litigation, and the attorneys' fees awarded in other similar cases in this district. Therefore, the Court finds no reason to deviate from the agreement made between attorney and client.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's attorney, Frederick J. Daley, Jr., is awarded $27,615.80 in 42 U.S.C. § 406(b) fees, payable by the SSA from Plaintiff and his dependents' past-due benefits.

Date: April 14, 2022         By:   *Lisa A. J____*
                                   Lisa A. Jensen
                                   United States Magistrate Judge